In Re: WR-46,473-16    LETTER OF OBJECTION    46,473-16

Dear Clerk, Honorable Abel Acosta    Date 01/12/15

Defendant humbly asserts that by clerks supplemental record which has been tendered to this Honorable Court that his issue presented has been sustained by the evidence, and that he is by that, due relief. Because of the deprivation caused by the court's delay, their after-the-fact relief is insufficient due to exhausted resources. Defendant also filed a release due to delay writ with the same court which has met with the same prejudicial delay and has not been serviced by the clerk to this court. Defendant humbly asks for any and all relief including but not limited to vacating and dismissal of all charges, and release according to T.R.A.P. 44.2 (a) Constitutional Error; T.R.A.P 67.1 (b) stating error "probably prevented the petitioner from properly presenting the case to the appellate courts. Habeas is Constitutional Tex. Const. Art. 1 section 12, its right is legislated CCP art 1.08; Tex CCP art 11 defines the rules timeline and procedures of that right which should not be abridged, which this court has ignored. According to Gov. Code 22.108 (a) The court of criminal appeals is granted rulemaking power to promulgate rules of posttrial, appellate, and

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 21 2015

Abel Acosta, Clerk

review procedure in criminal cases except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.

In in re Escareno 297 S.W.3d 288 (Tex. Crim. App. 2009) the county clerk was found in contempt under Tex. CCP art. 11.60 for a failure to honor her ministerial duties in Tex CCP art 2.21. Even though relator's application was finally forwarded to the court of criminal appeals, the power to punish is explained in Ex parte Barnett 600 S.W.2d 252, 254 (Tex 1980) If an officer refuses to execute a writ of habeas corpus or wantonly delays the service or execution shall be held liable to fine for contempt of court which this clerk has at least twice done, punishable by a maximum fine of $500. Tex. Gov. Code 21.002 (b). via Stare Decisis.

Respectfully submitted

Ronney Earl William

Williams, Ronney Earl

SO# 161744